# In the Matter of Arora

Disciplinary Board Docket no. 19 D.B. 2000.

WATKINS, *Member,* May 2, 2003—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Rubina Wadhwa Arora filed a petition for reinstatement to the bar of Pennsylvania on February 26, 2002. Petitioner was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated March 3, 2000. This suspension was for an indefinite period of time, retroactive to December 1, 1996, with leave to petition for reinstatement after the expiration of two years from the effective date of the order. This suspension was reciprocal and was based on a September 12, 1996 suspension from practice before the Immigration and Naturalization Service and the Executive Office for Immigration Review, U.S. Department of Justice.

A reinstatement hearing was held on October 4, 2002, before Hearing Committee 3.08 comprised of Chair Wayne M. Pecht, Esquire, and Members Randall G. Gale, Esquire, and Ronald M. Katzman, Esquire. Petitioner appeared pro se. At the time of the hearing, testimony was taken from petitioner and exhibits submitted into evidence. Office of Disciplinary Counsel did not oppose the petition for reinstatement.

The Hearing Committee filed a report on January 10, 2003, recommending that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting of March 26, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1962 and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1989. Her current address is 44201 Bristow Circle, Ashburn, VA 20147.

(2) In 1990, petitioner moved from Pennsylvania to the Virginia-Maryland metro area and began practicing immigration law.

(3) During the course of her immigration practice, she had clients that received work authorizations to be in the United States who wanted to travel back to their home countries. To obtain advance parole to return to their native countries and then come back to the United States, petitioner's clients had to show emergency circumstances or family hardships.

(4) Two clients of petitioner had her submit medical records that petitioner knew to be fraudulent in order to obtain pertinent documents.

(5) On December 18, 1995, the office of the general counsel of the INS issued a petition for attorney discipline against petitioner charging her with two counts of willfully misleading, misinforming or deceiving an officer or employee of the service concerning a material and relevant fact in connection with an immigration case, *i.e.,* submitting fraudulent medical records in support of an application for a travel document in violation of 8 CFR §242.3(a)(3). Petitioner did not oppose this petition and consented to the imposition of discipline.

(6) On September 12, 1996, Assistant Chief Immigration Judge Kevin D. Smith issued a decision and order suspending petitioner from practice before the INS and the EOIR, U.S. Department of Justice, for an indefinite period of time, with leave to file a petition for reinstatement after the expiration of two years.

(7) On June 18, 1999 and July 29, 1999, petitioner filed motions requesting reinstatement to practice before the INS and EOIR. In August 1999, Judge Smith granted petitioner's motions and reinstated her to practice before the INS and EOIR and she currently is eligible to represent aliens before these bodies.

(8) On November 18, 1999, a petition was filed with the Supreme Court of Pennsylvania by Office of Disciplinary Counsel for reciprocal discipline and on March 3, 2000, petitioner was suspended for an indefinite period retroactive to December 1, 1996, with leave to petition for reinstatement after the expiration of two years from the effective date of the order.

(9) Petitioner has been suspended for over six years.

(10) Petitioner has not had any criminal charges filed against her concerning her misconduct.

(11) During her suspension, petitioner kept up-to-date with immigration law and met her requirements for continuing legal education in Pennsylvania.

(12) Petitioner expressed sincere remorse for her conduct and recognized that such conduct was dishonest.

(13) Petitioner plans to implement safeguards in her practice to assure authenticity of documents she submits on behalf of her clients.

## III. CONCLUSIONS OF LAW

(1) Petitioner has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

(2) Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by Rubina Wadhwa Arora. By order of the Supreme Court of Pennsylvania dated March 3, 2000, petitioner was suspended for an indefinite period of time, retroactive to December 1, 1996, with leave to petition for reinstatement after the expiration of two years from the effective date of the order.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, she has the burden of proving by clear and convincing evidence that she possesses the moral qualifica-

tions, competency and learning in the law required for admission to practice in this Commonwealth. In addition, petitioner has the burden of demonstrating that her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement proceeding is an inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitation efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative process. *Philadelphia Newspapers Inc. v. Disciplinary Board of Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner admitted to submitting fraudulent documents to the INS in connection with her immigration law practice. No criminal charges were filed against petitioner and she consented to be suspended before the INS and EOIR. Her suspension in Pennsylvania was reciprocally applied as a result of the INS and EOIR suspension.

Petitioner presented evidence that she has rehabilitated herself. During her suspension, she maintained her competence in the law by reading journals devoted to immigration law. She fulfilled her course requirements for continuing legal education. She was reinstated to practice before the INS and EOIR in August 1999 and has since handled four cases. If reinstated to the bar of Pennsylvania, petitioner plans to practice immigration law in Virginia as a sole practitioner. She understands that safeguards are necessary in her solo practice to avoid the

problems she had in the past. In that regard, petitioner conferred with other attorneys in solo practice to get ideas and has now set up a format for handling documents submitted by clients.

The rules relating to practice before the INS and EOIR permitted petitioner to resume her practice of immigration law without having to be reinstated to practice in Pennsylvania. She has not represented herself as an attorney licensed to practice in this Commonwealth.

Petitioner expressed sincere remorse for her misconduct and a genuine desire to regain her Pennsylvania law license.

The record shows that petitioner has met with clear and convincing evidence her burden of proving that she is morally qualified, competent and learned in the law. Furthermore, petitioner has demonstrated that her re-admission will not be detrimental to the bar or to the public. For these reasons the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Rubina Wadhwa Arora, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Newman did not participate in the March 26, 2003 adjudication.

## ORDER

And now, July 29, 2003, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 2, 2003, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.